UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKEY A. HOLLEMAN,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-800-PPS-JEM

WILLIAM REDMEN, OLMSTEAD,
MEDICAL STAFF,

    Defendants.

OPINION AND ORDER

Rickey A. Holleman, a prisoner without a lawyer, filed a complaint alleging he did not receive constitutionally adequate medical treatment while he was at the Saint Joseph County Jail. [ECF 1.] "A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Holleman alleges his left hand had a knife wound when he entered the jail on December 2, 2021. He says he told an unidentified nurse and guard that he needed to go to the hospital for surgery and stitches. He says that did not happen. He says his bandages should have been changed daily but were only changed every few days. He

says the Warden responded to his grievance complaining about medical care by merely saying thank you for bringing this to our attention. Holleman sues Warden Olmstead, but the

> view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 96 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The complaint does not state a claim against Warden Olmstead.

Holleman also sues Sheriff William Redmen, but the complaint makes no mention of him having any involvement with his medical treatment. The complaint does not state a claim against Sheriff Redmen.

Finally, the complaint sues "Saint Joseph County Jail Medical Staff." This is the equivalent of naming "John Doe" as a defendant. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Moreover, even if the complaint had named the nurse with whom he spoke when he first entered the jail, the

2

complaint does not contain sufficient facts to plausibly allege that nurse violated his constitutional rights.

> To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022). Holleman plausibly alleges he had an objectively serious medical need, but he does not say what the nurse did in response – merely saying that he was not ultimately sent to the hospital does not explain why the nurse acted in an objectively unreasonable way.

This complaint does not state a claim for which relief can be granted. If Holleman believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Rickey A. Holleman until **June 12, 2024**, to file an amended complaint; and

3

    (2) CAUTIONS Rickey A. Holleman if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

    SO ORDERED on May 8, 2024

                                         s/ Philip P. Simon
                                         JUDGE
                                         UNITED STATES DISTRICT COURT