UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKEY A. HOLLEMAN,

    Plaintiff,

    v.    CAUSE NO. 3:23-CV-800-PPS-AZ

WARDEN OLMSTEAD, et al.,

    Defendants.

OPINION AND ORDER

Rickey A. Holleman, a prisoner without a lawyer, filed a complaint which did not state a claim against the three listed defendants: Sheriff William Redman, Warden Olmstead, and Saint Joseph County Jail Medical Staff. ECF 1. He was granted leave to file an amended complaint. ECF 8. His amended complaint is nearly identical to the original. The only meaningful changes are the addition of two defendants (Nurse Megan and Well Path Medical) and the addition of two phrases to the factual basis of his claim ("Megan Nurse last name unknown" and "I am a carpenter by trade."). ECF 15 at 2.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Holleman alleges he did not receive constitutionally adequate medical treatment when he was a pre-trial detainee at the Saint Joseph County Jail. ECF 15. He alleges his left hand had a knife wound when he entered the jail on December 2, 2021. He says he told Nurse Megan that he needed to go to the hospital for surgery and stitches. He says that did not happen. He says his bandages should have been changed daily but were only changed every few days.

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotation marks omitted). In my order screening the original complaint, I told Holleman, "even if the complaint had named the nurse with whom he spoke when he first entered the jail, the complaint does not contain sufficient facts to plausibly allege that nurse violated his constitutional rights." ECF 8 at 2-3. I explained that, "Holleman plausibly alleges he had an objectively serious medical need, but he does not say what the nurse did in response – merely saying that he was not ultimately sent to the hospital does not explain why the nurse acted in an objectively unreasonable way." *Id*. at 3.

The amended complaint names that nurse, but it does not allege facts from which it can be plausibly inferred that she was unreasonable in response to his medical need. Holleman wanted to go to the hospital for surgery and stitches, but "there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019). Prisoners are "not entitled to demand specific care", nor are they "entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). As I previously explained, merely alleging that he was not sent to the hospital does not state a claim.

The amended complaint makes no allegations about Well Path Medical (the other new defendant), but it appears to be Nurse Megan's employer. However, there is no supervisory liability under 42 U.S.C. § 1983, and companies are not liable merely because they employ someone. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009). A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, corporate "liability exists only when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation marks omitted). The amended complaint makes no mention of a policy or custom and does not state a claim against Well Path Medical.

The allegations against the three original defendants are unchanged and still do not state a claim. *See* ECF 8. Warden Olmstead is alleged to have responded to a grievance by thanking Holleman for bringing the issue to his attention. That does not

3

state a claim because "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Sheriff William Redmen is also not alleged to have had any personal involvement with Holleman's medical treatment. Saint Joseph County Jail Medical Staff are merely "John Doe" defendants and "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

This original complaint did not state a claim. Holleman filed an amended complaint, but it does not state a claim either. It is time to dismiss this case.

For these reasons, this case is dismissed under 28 U.S.C. § 1915A.

SO ORDERED on July 8, 2024

                                                s/ Philip P. Simon
                                                JUDGE
                                                UNITED STATES DISTRICT COURT