UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICKEY A. HOLLEMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-800-PPS-AZ |
| MEGAN, | |
| Defendant. | |

OPINION AND ORDER

Rickey A. Holleman, a prisoner without a lawyer, filed a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e). [ECF 19.] He also filed a motion asking to conduct discovery to obtain the names of other possible defendants. [ECF 20.]

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). Though Holleman includes additional facts in his motions, he is suing about events which occurred years ago at the St. Joseph County Jail and there is no indication any of his added allegations are based on newly discovered evidence.

When I screened the original complaint, I told Holleman, "even if the complaint had named the nurse with whom he spoke when he first entered the jail, the complaint does not contain sufficient facts to plausibly allege that nurse violated his constitutional

rights." [ECF 8 at 2-3.] I explained that "Holleman plausibly alleges he had an objectively serious medical need, but he does not say what the nurse did in response – merely saying that he was not ultimately sent to the hospital does not explain why the nurse acted in an objectively unreasonable way." [*Id*. at 3.] Holleman was granted leave to file an amended complaint – which he did.

When I screened the amended complaint, I noted that, "The only meaningful changes are the addition of two defendants (Nurse Megan and Well Path Medical) and the addition of two phrases to the factual basis of his claim ('Megan Nurse last name unknown' and 'I am a carpenter by trade.')." [ECF 17 at 1, quoting ECF 15 at 2.] Holleman knew that merely providing the name of the nurse was inadequate. Noting that he was a carpenter did nothing to explain why the nurse acted in an objectively unreasonable way.

In his Rule 59(e) motion, Holleman wants to now add factual allegations that should have been made in his amended complaint, but "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The Rule 59(e) motion will be denied; as will the motion to conduct discovery. Holleman's case was not dismissed because he did not know the names of defendants; it was dismissed because the amended complaint did not plausibly allege that anyone (named or unnamed) acted in an objectively unreasonable way.

2

For these reasons, the motions (ECF 19 and 20) are DENIED.

SO ORDERED on September 9, 2024.

> s/ Philip P. Simon
> JUDGE
> UNITED STATES DISTRICT COURT