UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKEY A. HOLLEMAN,

Plaintiff,

v.

OLMSTEAD, et al.,

Defendants.

CAUSE NO. 3:23-CV-800-PPS-AZ

OPINION AND ORDER

Rickey A. Holleman, a prisoner without a lawyer, is proceeding in this case on a

Fourteenth Amendment claim against Warden Russell Olmstead, Nurse Megan

Amberg, and the medical staff at St. Joseph County Jail ("SJCJ") for denying him

constitutionally adequate medical care for a stab wound to his hand. *See* ECF 15; ECF

48-1. I initially screened the case and dismissed it for failure to state a claim. ECF 17. On

appeal, the Seventh Circuit disagreed with the dismissal as it related to individual

defendants. ECF 48-1. On remand, after identifying the proper parties, Warden

Olmstead and Nurse Amberg filed a motion for summary judgment, arguing Holleman

did not exhaust his available administrative remedies before filing this lawsuit. ECF 81.

The motion is now fully briefed and ripe for ruling. ECF 87, 88.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was actually available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In

essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants provide an affidavit from Warden Olmstead and Holleman's grievance records, which show the following facts: The SJCJ maintains a grievance process for inmates and detainees to bring forth complaints regarding any issue related to jail conditions, including any claim related to medical services. ECF 83-1 at 2. The grievance procedure is described in the Inmate Handbook, which is provided to each person booked into the jail. *Id.* at 1-2; ECF 83-2. The grievance procedure provides the following steps: (1) the detainee must submit a grievance form with the pod deputy; (2) the grievance will be numbered and sent to the supervisor responsible for the person; (3) following an investigation, a written response to the grievance will be returned to the detainee; (4) the detainee may submit a Level I appeal to the Jail Commander; and (5) the detainee may submit a Level II appeal to the Sheriff. ECF 83-1 at 2; ECF 83-2 at 12.

This grievance procedure was available to Holleman at all relevant times, and Holleman was well aware of how to perfect a proper grievance at the SJCJ. Indeed, the record reflects that he submitted three grievances at SJCJ, and each of these three grievances related to his commissary purchases. ECF 83-4 at 11-13.[1] The record shows

---

[1] The copies of the grievances the Warden submitted were not super clear. So, I ordered the Warden to submit more legible versions of these documents in order to verify that the three grievances

that Holleman never submitted any grievance related to his claim he received inadequate medical care for a stab wound to his hand. ECF 83-1 at 2-3. Nor is there any grievance containing allegations specifically related to Warden Olmstead, Nurse Amberg, or the SJCJ medical staff. *Id.*

Here, Warden Olmstead has provided evidence Holleman never submitted any grievance at SJCJ related to the medical care he received for his hand. In his response, Holleman does not genuinely dispute any of this evidence. ECF 87. Instead, Holleman argues at length that his underlying claim has merit, which is not relevant to whether he exhausted his administrative remedies before filing this lawsuit. *See Perez*, 182 F.3d at 535 ("the district court lacks discretion to resolve the claim on the merits" if the plaintiff did not exhaust his administrative remedies before filing his lawsuit); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (holding that, where exhaustion is contested, the court must first determine whether the plaintiff exhausted his administrative remedies before addressing the merits of the case).

Holleman's eleven-page response contains only one sentence related to exhaustion, where he states at the end: "The Plaintiff wrote grievances to the Warden Olmstead and to the Well Path Medical Staff about the incident. Their response was; 'Thank you for bringing this to our attention.'" ECF 87 at 9. Holleman does not cite to any evidence in support of this assertion. As exhibits, Holleman attaches the same three

---

filed by Holleman were in fact related to beefs about the commissary. ECF 93. The Warden complied and submitted slightly more readable copies of the three grievances. ECF 96. A careful reading of those documents confirms that they all related to complaints about the commissary.

grievances provided by Warden Olmstead, which relate to Holleman's commissary purchases and do not relate to his medical care. ECF 87-1 at 4, 5, 7.[2]

Here, Holleman's response is insufficient to create any genuine dispute as to whether he exhausted his administrative remedies before filing this lawsuit. Specifically, Holleman's grievance records show he submitted only three grievances at SJCJ and none of these grievances related to his claim he received inadequate medical care for his hand. Holleman's vague one-sentence assertion that he "wrote grievances to the Warden Olmstead and to the Well Path Medical Staff," without any explanation as to when he submitted these grievances or why they do not appear in his grievance records, is insufficient to create a genuine dispute. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted); *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) ("But when the plaintiff sued, and the defendants moved for summary judgment, it behooved him to present evidence to support his contention that he had indeed exhausted his available administrative remedies by filing a grievance as

---

[2] In addition to the three grievances, Holleman also submitted documents which show that his wound was in fact treated by nurses from Wellpath. *See* ECF 87-1 at 8, 10-19. But absent from his submission is any evidence that Holleman ever complained about the nature or extent of the treatment he received through the jail's grievance process.

soon as it was reasonably possible for him to do so."); *Vinson-Jackson v. Perry*, Case No. 2:21-cv-10766, 2024 WL 1130248, at *4 (E.D. Mich. Feb. 15, 2024) (finding no dispute of material fact when "[i]n response to this evidence, Plaintiff submitted only a bare affidavit stating that he exhausted his remedies, which is a legal conclusion, but failing to attach any copy or record of the alleged grievances."), *report and recommendation adopted*, No. 21-CV-10766, 2024 WL 1120366 (E.D. Mich. Mar. 13, 2024). The exhibits Holleman attached to this summary judgment response do not support his argument but rather support Warden Olmstead's assertion that Holleman only submitted grievances related to his commissary purchases and did not submit grievances related to his medical care.

Finally, even if I accept Holleman at his word that he filed a grievance relating to his medical care, there is no evidence—not even a conclusory statement from Holleman—that he appealed these supposed grievances to the Jail Commander and the Sheriff, both of which were necessary steps to fully exhaust the grievances. *See* ECF 83-1 at 2; ECF 83-2 at 12. Therefore, Holleman has not created any *genuine* dispute regarding whether he fully exhausted his administrative remedies before filing this lawsuit.

Accordingly, because Warden Olmstead and Nurse Amberg have provided evidence Holleman did not exhaust his administrative remedies, and Holleman does not genuinely dispute any of that evidence, summary judgment is warranted in favor of Warden Olmstead and Nurse Amberg.

Lastly, "St. Joseph County Jail Medical Staff" still are defendants in this case. They have not been identified or served in this lawsuit and have not moved for

6

summary judgment. But the undisputed facts show summary judgment is warranted in their favor for the same reasons as Warden Olmstead and Nurse Amberg, as the undisputed facts show Holleman did not exhaust his administrative remedies before filing this lawsuit. Pursuant to Fed. R. Civ. P. 56(f), the court can grant summary judgment for a nonmovant only after giving notice and a reasonable time to respond. The court therefore gives Holleman notice it will enter summary judgment in favor of the St. Joseph County Jail Medical Staff unless he files a motion on or before July 24, 2026, showing good cause for why judgment should not be entered.

For these reasons, the court:

(1) GRANTS Warden Olmstead and Nurse Amberg's motion for summary judgment (ECF 81);

(2) DISMISSES Warden Olmstead and Nurse Amberg from this lawsuit; and

(3) NOTIFIES Holleman under Fed. R. Civ. P. 56(f) that the court will enter summary judgment in favor of the St. Joseph County Jail Medical Staff unless he files a motion showing good cause on or before July 24, 2026.

**SO ORDERED**.

ENTERED:  July 7, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT